**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ruben HERNANDEZ, aka**
**Ruben Guadalupe Franco,**
**Defendant—Appellant.**

**No. 00–50133.**

**D.C. No. CR–98–05149–2–OWW.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM **

Hernandez first argues that the district court erred when it concluded that it did not have discretion to grant a 1–level departure pursuant to U.S.S.G. § 3B1.2. This provision does not contemplate or authorize such a departure. Because Hernandez was not qualified for a departure under § 3B1.2, the district court was also without discretion to consider his request for a departure pursuant to § 2D1.1. *See* U.S.S.G. § 2D1.1, cmt. n. 14.

Hernandez also claims that he is entitled to a departure under § 3E1.1, which requires a defendant to "clearly demonstrate[ ] acceptance of responsibility for his offense." Only in "rare situations [will] a defendant ... clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." U.S.S.G. § 3E1.1, cmt. n. 2. Hernandez's inculpatory statements evince no contrition or remorse for his actions. *See United States v. Connelly,* 156 F.3d 978, 982 (9th Cir. 1998) (holding that "a failure to demonstrate contrition and remorse weighs against a finding of acceptance of responsibility"). Considering that "the sentencing judge is entitled to great deference on review," U.S.S.G. § 3E1.1, cmt. n. 5, we cannot conclude that the district court clearly erred in denying a departure.

Finally, Hernandez claims that he should be resentenced pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000) (overruled on other grounds), we held that, pursuant to *Apprendi,* an individual cannot be sentenced above the "prescribed statutory maximum," which is the maximum punishment to which the defendant could be exposed "solely under the facts found by the jury."

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

21 U.S.C. § 841(b)(1)(C) provides a maximum sentence of 20 years' incarceration and indefinite supervised release without regard to a finding of any particular drug amount. Because Hernandez's sentence of 235 months does not exceed the prescribed statutory maximum, we affirm his sentence.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.